FILED

MAY 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; et al.,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>SUSAN SKALSKI, in her official capacity as Forest Supervisor for the Stanislaus National Forest and UNITED STATES FOREST SERVICE, an agency of the Department of Agriculture,<br><br>    Defendants - Appellees,<br><br>TUOLUMNE COUNTY; et al.,<br><br>        Intervenor-Defendants - Appellees. | No. 14-16948<br><br>D.C. No. 1:14-cv-01382-GEB-GSA<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted May 11, 2015
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PAEZ and CLIFTON, Circuit Judges and KOBAYASHI,** District Judge.

Plaintiffs Center for Biological Diversity, Earth Island Institute, and California Chaparral Institute appeal the district court's denial of their motions for a preliminary injunction and to supplement the administrative record. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

Plaintiffs have not established a likelihood of success on the merits of their claims under the National Environmental Policy Act. The Forest Service took the requisite "hard look" at the impacts of the Rim Fire Restoration Project on the California spotted owl. *See Neighbors of Cuddy Mtn. v. U.S. Forest Serv.*, 137 F.3d 1372, 1376 (9th Cir. 1998). The Environmental Impact Statement and Record of Decision adequately incorporated the 2014 owl occupancy survey results by explaining that the Forest Service had reestablished six protected activity centers where the surveys detected owl presence. The Forest Service also adequately addressed the scientific literature on owl occupancy in post-fire, high-severity burn habitat and, specifically, the Clark 2007, Clark et al. 2013, and Bond et al. 2009 studies. It sufficiently explained that the studies had limited implications for the

---

** The Honorable Leslie E. Kobayashi, U.S. District Judge for the District of Hawaii, sitting by designation.

2

Project, due to both differences between conditions in the Project area and those of the studies, and the uncertainty of the studies' conclusions.

The Forest Service provided a reasonable justification in the EIS for its conclusion that, although the Project might impact individual owls, it would not lead to the listing of the species. Unlike in *Earth Island Institute v. U.S. Forest Serv.*, 442 F.3d 1147 (9th Cir. 2006), where the Forest Service improperly discounted Bond's earlier studies and assumed that there would be no adverse impacts of salvage logging, here the Forest Service addressed Bond et al. 2009 and other relevant studies and acknowledged the possible short-term impacts on the spotted owl from salvage logging. The Forest Service then analyzed the impacts on owls according to its six indicators, before concluding there would be no long-term trend toward listing. The Forest Service therefore engaged in "a discussion of adverse impacts that does not improperly minimize negative side effects." *League of Wilderness Defenders–Blue Mtns. Biodiversity Proj. v. U.S. Forest Serv.*, 689 F.3d 1060, 1075 (9th Cir. 2012) (quoting *N. Alaska Envtl. Ctr. v. Kempthorne*, 457 F.3d 969, 975 (9th Cir. 2006)).

The Forest Service was not required to prepare a supplemental EIS to further consider the 2014 owl occupancy survey results. The survey results did not constitute significant new information because they did not significantly change

3

the scope of the Project or the environmental consequences of the alternatives. *See* 40 C.F.R. § 1502.9(c)(1); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012). As the Forest Service explained, none of the six new PACs that the Forest Service established in response to the 2014 surveys would "overlap to any meaningful degree" with the Project's treatment units.

The district court did not abuse its discretion in denying Plaintiffs' motion to supplement the administrative record. The three declarations that Plaintiffs sought to introduce were not necessary to determine whether the Forest Service considered all relevant factors or to explain technical terms or complex subjects. *Cf. San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602-03 (9th Cir. 2014). To the extent the declarations highlighted information on which the Forest Service did not rely, Plaintiffs already emphasized this information in their NEPA comments and Monica Bond's August 21, 2014 letter and owl occupancy data analysis. The studies that the declarations addressed were already in the record and discussed and cited in the EIS.

**AFFIRMED.**